UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) JANE DOE, A MINOR CHILD WHO IS UNBORN, BY AND THROUGH HER FATHER AND NEXT FRIEND, JOHN DOE, <br><br> Plaintiff, <br><br> vs. <br><br> 1) OKLAHOMA ATTORNEY GENERAL MICHAEL J. HUNTER (IN HIS OFFICIAL CAPACITY); 2) OKLAHOMA GOVERNOR MARY FALLIN (IN HER OFFICIAL CAPACITY); 3) UNITED STATES ATTORNEY GENERAL JEFFERSON B. SESSIONS III (IN HIS OFFICIAL CAPACITY); 4) THE UNITED STATES DEPARTMENT OF JUSTICE; 5) THE UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 4:18-cv-00408-JED-FHM |

**COMPLAINT**

NOW COMES, Plaintiff, by and through her undersigned attorneys, bring this complaint for permanent injunctive and declaratory relief against the Defendants and their employees, agents, and successors in office, and in support thereof allege the following:

**PRELIMINARY STATEMENT**

1. This civil rights case challenges as unconstitutional state and federal laws that sanction and protect the killing of one class of innocent human beings. Jane Doe, a minor child who is unborn [hereinafter referred to as "Jane"] is a member of this class. The laws

  challenged violate children's constitutional guarantees of equal protection and substantive due process as they put the children – and in this case, specifically Jane – under an ever-present and imminent threat of a violent loss of her right to life and right to bodily integrity.

2. This action arises under the Fourteenth and Fifth Amendments to the United States Constitution and is actionable under 42 U.S.C. § 1983 and the Fifth Amendment directly.

3. The violations are committed under the primary exceptions (hereinafter referred to collectively as the Primary Exceptions) to 21 OK Stat § 21-691 (2014) and 21 OK Stat § 21-652 (2014), known as the state's Fetal Homicide Law, and 18 U.S.C. § 1841 (2004), the federal Unborn Victims of Violence Act.

4. Through the Primary Exceptions, the State and the United States have acted to sanction and protect one type of killing of children – abortion -- while any similar killing of one innocent human being by another human being is criminalized as homicide. Moreover, the act of killing children, who are similarly situated to Jane, through homicide, is illegal.

5. The Primary Exceptions constitute prima facie, intentional, and pervasive discrimination against Jane, who is here represented by her Next Friend. As detailed in the allegations below, the governments' operation and protection of the Primary Exceptions threaten imminent, irreparable, and inhumane injury to Jane and minor children like her.

6. Jane seeks declaratory and permanent injunctive relief from the deprivation of equal protection and the violation of her constitutional rights to substantive due process, life, and bodily integrity, all of which are inherent in her as a human being and a legal person, recognized by the governments of Oklahoma and the United States.

## JURISDICTION AND VENUE

7. This action arises under the United States Constitution, particularly the Fifth and Fourteenth Amendments, and under federal law, particularly 42 U.S.C. § 1983.

8. This Court is vested with original jurisdiction over these federal claims by operation of 28 U.S.C. §§ 1331 and 1343.

9. This Court is vested with authority to grant the requested declaratory and injunctive judgment by operation of 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983, and by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

10. Venue is appropriate under 28 U.S.C. § 1391(b).

## PARTIES

11. Jane Doe is a minor child, presently unborn, under 22 weeks gestational age.

12. Jane is a living human being.

13. Jane is a unique individual.

14. Jane is a legal person.

15. Jane is at constant, imminent risk of suffering the loss of her life and her bodily integrity.

16. Abortion is the only manner of killing Jane that is protected by state and federal law.

17. Jane asserts that she could be subjected at any moment to the deprivation of her right to life by any doctor hired by her mother, based on the Primary Exceptions that are enforced and preserved by government officers.

18. Under state law, Jane's life could be taken through abortion for any reason, at any time, until she reaches 22 weeks gestation.

19. Due to federal law and precedent, Jane could also be killed through abortion in multiple locations around the nation up until she reaches 40 weeks gestation.

20. John Doe is the father of Jane.

21. John Doe currently resides in Oklahoma.

22. John Doe brings this suit not on his own behalf, but on behalf of his minor child, as her father and Next Friend.

23. Defendant Mary Fallin is the Governor of the State of Oklahoma and conducts her official activities throughout the state.

24. Defendant Michael J. Hunter is the Attorney General of the State of Oklahoma and has a state government office located in Tulsa, Oklahoma.

25. Defendant Jefferson B. Sessions III is the Attorney General of the United States.

26. Defendant United States Department of Justice ("DOJ") is, and since in or about 1870 has been, an executive department of the United States, "with the Attorney General as its head."

27. According to the mission statement contained on its website, the DOJ's purpose is: "[t]o enforce the law and defend the interests of the United States according to the law; to ensure public safety against threats foreign and domestic; to provide federal leadership in preventing and controlling crime; to seek just punishment for those guilty of unlawful behavior; and to ensure fair and impartial administration of justice for all Americans."[1]

28. The United States of America is named as a defendant because this action challenges the constitutionality of an Act of Congress. 28 U.S.C. S.2403(A).

## STANDING

---

[1] Last accessed August 3, 2018.

29. Jane and John Doe bring this suit anonymously under 10th Circuit precedent allowing pseudonymns for challenges to laws involving abortion, cited in *W.N.J. v. Yocom*, 257 F.3d 1171, 10th Cir. (2001) and *Coe v. U.S. Dist. Ct. for Dist. of Colo.*, 676 F.2d 411, 416 (10th Cir.1982).

30. Jane's father, John Doe, asserts third party and Next Friend standing to raise the rights of his daughter, Jane. His daughter is recognized as a human person under the Fetal Homicide Law of Oklahoma, the UVVA, historic jurisprudence, and multiple other state and federal laws and official policies. Therefore, she is entitled, as a legal person, to have a suit brought on her behalf as a minor child.

31. The Primary Exceptions have caused interests of children and their mothers to diverge at the point of unresolvable odds, even though legal precedent generally protects the rights of parents and children to stay in relationship. Therefore, third party and Next Friend standing through her father is needed so Jane cannot be prevented from asserting her fundamental rights and thus, be in imminent danger of suffering an irreversible deprivation under the law.

32. Jane has no other point in time at which she can bring this claim. Under state law and federal precedent, if Jane's mother seeks an abortion for any reason, no one is required to receive notification, and there is no one who could represent Jane to appeal to this Court for the protection of her right to live at that point.

33. Jane must necessarily bring the suit now, as if she waits until she experiences the actual deprivation of her right, there will be no way to restore her right, as she will be dead.

34. John Doe asserts the third-party standing recognized in *Barrows v. Jackson*, 346 U.S. 249 (1953), where the Court explained: "it would be difficult if not impossible for the persons

whose rights are asserted to present their grievance before any court. Under the peculiar circumstances of this case, we believe the reasons which underlie our rule denying standing to raise another's rights, which is only a rule of practice, are outweighed by the need to protect the fundamental rights…"

35. As a minor child, it is impossible for Jane to present her grievance or assert her rights personally. She needs the opportunity to bring her case through her father to even begin to assert her rights or to argue that fundamental rights apply to her as a human being within the jurisdiction of Oklahoma and the United States.

36. Furthermore, Jane and John Doe assert that, according to U.S. Supreme Court precedent, issues directly related to pregnancy cannot have a rigid application of the actual controversy requirement laid upon them, as this would, in effect, deny review. As an unborn child, Jane is constantly at risk of losing her life, under color of state and federal law, due to the application of the Primary Exceptions. She is still alive as of the date of this filing. Yet, as long as the exception exists, her right to equal protection and substantive due process is violated, as her guaranteed right to life remains in dangerous limbo. Jane should not be required to actually lose her life to assert her rights. At that time, any claim on her behalf could not benefit her or resolve her controversy.

37. Alternatively, John Doe asserts standing as a Next Friend, under Rule 17(b) of the Federal Rules of Civil Procedure and as outlined in *Kingsbury v. Buckner*, 134 U.S. 650, 10 S. Ct. 638, 33 L. Ed. 1047 (1890). Next Friend standing requirements are detailed in *Whitmore v. Arkansas* 495 U.S. 149, 163 (1990), and, accordingly, John Doe asserts that the real party in interest cannot factually appear on her own behalf; that he is truly dedicated to the interest of the child on whose behalf he brings this complaint; and that he

has a significant interest with the real party at interest as he is her father and desires to see Jane live.

## FACTS

**The Parties' Circumstances**

38. As of the date of filing, Jane is alive.

39. Jane's life is at risk, until her birth, as state and federal law allows her mother to seek an abortion without notice to anyone who could defend Jane or aid her in asserting her rights.

40. The type of abortion most commonly performed at Jane's current age is a dilation and evacuation abortion, also called a D&E abortion or a dismemberment abortion.

41. Justice Anthony Kennedy described dismemberment abortions in his dissent in *Stenberg v. Carhart*, 530 U.S. 914, 958-959 (2000): "The fetus, in many cases, dies just as a human adult or child would: It bleeds to death as it is torn from limb from limb. The fetus can be alive at the beginning of the dismemberment process and can survive for a time while its limbs are being torn off. Dr. Carhart agreed that '[w]hen you pull out a piece of the fetus, let's say, an arm or a leg and remove that, at the time just prior to removal of the portion of the fetus, … the fetus [is] alive.' Dr. Carhart has observed fetal heartbeat via ultrasound with "extensive parts of the fetus removed," and testified that mere dismemberment of a limb does not always cause death because he knows of a physician who removed the arm of a fetus only to have the fetus go on to be born 'as a living child with one arm.' … In Dr. Carhart's words, the abortionist is left with 'a tray full of pieces.'"

42. This type of abortion – or any type – that Jane could suffer without notice would violently strip her of her right to bodily integrity and life.

43. This type of abortion – or any type – would be considered torture and homicide if it were committed against any minor child who was born.

**The Fetal Homicide Laws**

44. The enactment of homicide laws is one way a state and the federal government acts to preserve the constitutional right to life of human persons within its borders.

45. In language appearing prior to the Primary Exceptions, the Fetal Homicide Laws of the State and the federal Unborn Victims of Violence Act set out to include children who are unborn as human beings and legal persons.

46. The homicide of these human beings is criminalized.

47. In pertinent part, 21 OK Stat S. 21-691 (2014) states: "Homicide is the killing of one human being by another. … [H]uman being includes an 'unborn child' …"

48. The State's fetal homicide laws refer to 63 OK Stat S. 63-1-730 (2014) for the definition of "unborn child." Unborn child is defined as: "the unborn offspring of human beings from the moment of conception, through pregnancy, and until live birth including the human conceptus, zygote, morula, blastocyst, embryo and fetus."

49. Under 63 OK Stat S. 63-1-730 (2014), "conception" is defined as "the fertilization of the ovum of a female individual by the sperm of a male individual."

50. The Fetal Homicide Law defines all unborn children, at all stages of pregnancy, from the scientific moment of conception as human beings.

51. The State's definition is a true and accurate definition, well-founded in science and medicine.

52. Similarly, the federal Unborn Victims of Violence Act defines "the term 'unborn child'" in 18 U.S.C. § 1841(d) as "a child in utero, and the term 'child in utero' or 'child, who is in utero' means a member of the species homo sapiens, at any stage of development, who is carried in the womb."

53. The federal statute includes children "at any stage of development." This reflects accurate science which demonstrates that all human beings are unique individuals at each moment they are alive, from their earliest beginning.

54. The plain language of the state and federal statutes indicate that all humans named therein are legal persons, including "human being," "unborn child," "pregnant woman," "mother of the unborn child," and "mother."

55. The state statue does not give the mother of the unborn child or a doctor an exception to kill the unborn child in any manner she or he chooses, but, instead, allows abortion – which includes only specific methods of killing – as a state-sanctioned homicide, where the definition of homicide is "the killing of one human being by another." 21 OK Stat S. 21-691 (C)(1).

56. The federal statute is broader, and gives exceptions to homicide prosecution for anyone involved in an abortion committed against the child, including an illegal abortion. 18 U.S.C. § 1841(c)(1).

57. The federal statute also gives an exception to the mother to kill her child who is unborn using any method she desires. 18 U.S.C. § 1841(c)(3)

58. By granting an exception, only to a doctor hired by a mother to kill her unborn child only through the state-sanctioned homicide of abortion, the state treats children who are unborn as a separate and unequal class of human beings.

59. By granting an exception, even for illegal abortions and even for any method a mother may use to kill her child who is unborn, the federal government goes out of its way to treat children who are unborn as a separate and unequal class of human beings.

60. No other class of human beings is so treated and excluded from fundamental constitutional rights to life and bodily integrity in state or federal law.

61. In 2014, the year with the most recent statistical data from the Centers for Disease Control, 4,808 children who were unborn just like Jane had their lives taken in the State of Oklahoma due to the operation of the Primary Exceptions. *See* Abortion Surveillance — United States, 2014 Surveillance Summaries, November 24, 2017, 66(24);1–48, MMWR, available at:

    https://www.cdc.gov/mmwr/volumes/66/ss/ss6624a1.htm?s_cid=ss6624a1_x.

62. Unless and until the enforcement and preservations of the Primary Exceptions are permanently enjoined or declared unconstitutional, Jane minor children like her can, at any moment up until 22 weeks of pregnancy in Oklahoma and, federally, after 22 weeks, suffer an irreparably devastating injury to their rights, specifically their deaths.

**The Science**

63. The equality of a human being lies factually and inherently in his or her humanity which is established by modern genetic, biologic, and medical science.

64. Modern science proves that children who are unborn live, are human, and have their being.

65. In regards to inherent equality and fundamental rights, there can be no distinction between scientific human beings based on circumstance, environment, age, or the level of physical or mental development achieved.

66. Medical experts have, for decades, and particularly in the last four decades explained that a new, unique human being begins his or her human existence at the moment of conception, scientifically referred to as fertilization.

**The Governments' Further Recognition of Unborn Children as Equal Human Persons**

67. The State has recognized the inherent humanity of every child who is unborn in laws and policies other than the Fetal Homicide Laws. These include, but are not limited to, the Humanity of the Unborn Child Act, signed by Governor Fallin in 2016; the Pregnant Woman's Protection Act (which allows a mother to use a defense of others argument if she uses force against someone who is physically and unlawfully threatening her child who is unborn); the state's Wrongful Death Act (which allows a suit even if the child was not born alive).

68. The federal government has also recognized the inherent humanity of every child who is unborn in laws, policies, and initiatives other than the Unborn Victims of Violence Act. These include, but are not limited to the Healthy People Initiative; the U.S. Department of Health and Human Services' Strategic Plan; 18 U.S. Code § 3596 (b) (which prohibits the death penalty against a pregnant woman until her child is born and will not be executed along with her mother).

## VIOLATIONS

**COUNT ONE: Violation of Equal Protection – 5th Amendment and 14th Amendment**

69. Plaintiff incorporates by reference all of the other paragraphs of this Complaint as though fully stated herein.

70. Equal protection requires that the constitutional rights of human persons within a state's borders and within a nation's borders not be unjustly limited or curtailed.

71. Equal protection requires that there be no government creation of a class of innocent human beings who are not fully vested of their fundamental right to life.

72. Both the state and federal governments have created this class, to the dangerous detriment of Jane's rights. Due to the law, Jane is presently under and remains under enormous threat of losing her life at any moment, as she continues to suffer under an omitted guarantee of equal protection.

73. Jane and children who are unborn like her are legal persons under the Fetal Homicide Laws, the Unborn Victims of Violence Act, and U.S. Supreme Court precedent in *Levy v. Louisiana*, 391 U.S. 68 (1968).

74. Born human beings within the borders of the State and the United States are treated differently from Jane and children like her.

75. The state and the federal government do not actively sanction the killing of any other innocent human being within its borders based on her particular location, the killing of any other innocent human being with a specific set of methods, or the killing of any other innocent human being only by a certain class of other human beings.

76. The state and the federal government sanction the killing of Jane and children like her based on her particular location, with a specific set of methods, and only by a certain class of other human beings.

77. When a child is killed through abortion, the deprivation of their right to life is not criminalized, even though other unborn children at the same age, who are killed by a

different method and a different person would have their deaths vindicated by state or federal prosecution.

78. The State's and the United States' omission is, in effect, an action that sanctions and allows for the killing of one class of human beings by one method, while they are in one location, and only by one other class of human beings. No other class of innocent human beings within the border of the State or the United States is so treated under the law.

79. The Primary Exceptions unnecessarily and unjustifiably burden Jane's status as a full and equal human being under the Constitution and, instead, allow citizens of the State of Oklahoma, citizens of the United States, state officers, and federal officers to discriminate against her as a member of a separate and unequal class of human beings. This blatant discrimination is sanctioned by the State and the United States government.

80. The Primary Exceptions stunt the availability of fundamental rights in relation to human persons, in effect declaring that equal protection and the right to life are not inherent in humanity, but can instead be stripped away by the government, based on circumstances beyond the control of the particular class of human beings whose rights are being violated.

81. The Primary Exceptions are an *ultra vires* omission of Jane's equal protection guarantee, as found in the Fifth and Fourteenth Amendments to the United States Constitution.

82. Other than this suit, Jane has no adequate or speedy remedy at law to correct or redress the deprivations of her constitutional right.

83. Jane constantly rests under the violent threat of a deprivation of her right to life through the operation of the Primary Exceptions, unlike what any other class of human beings must endure in the state or the United States.

84. Jane has already suffered the loss of her constitutional guarantee to equal protection, due to the language on the face of the Primary Exceptions.

85. The Primary Exceptions and the government actions they lead to impermissibly, blatantly, and pervasively discriminate against Jane and minor children like her.

86. As to the State of Oklahoma: while abortion, allowed by the primary exceptions to the Fetal Homicide Laws, is not an act of the government, the U.S. Supreme Court has ruled that a state may not engage in a systemic failure to preserve and protect the rights of a specific class of human beings. A state may not "selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause." (*DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.,* 489 U.S. 189, at 197 n.3 (citing *Yick Wo v. Hopkins*, 118 U.S. 356 (1886)).

87. This failure and denial by state officers constitutes prima facie, intentional, and pervasive discrimination against children, and specifically Jane. The children are recognized as human beings who cannot lawfully be killed under the Fetal Homicide Laws, while, at the same time, a method of homicide used only against the class of human beings to which Jane belongs is spelled out and sanctioned by the state in the primary exceptions.

88. Therefore, the Primary Exceptions to the Fetal Homicide Laws unjustifiably disregard these same persons' constitutional right to equal protection under the law by selectively denying the states' protection only to children who are unborn whose mothers seek abortion. This disregard for and omission of the guarantee to equal protection opens these children, and specifically Jane, up to the constant threat of their lives being violently ended and their right to life violated, under color of state law.

89. The preservation and enforcement of the Primary Exceptions, and the glaring omission on the part of state officers to protect the constitutional rights only of unborn human beings is a violation of the children's and Jane's constitutional guarantee of equal protection as it designates them as a separate and unequal class of human beings.

### COUNT TWO: Violation of Substantive Due Process: Right to Life – 5th Amendment and 14th Amendment

90. Plaintiff incorporates by reference all of the other paragraphs of this Complaint as though fully stated herein.

91. Jane, a legal person and a human being, has a fundamental and inherent right to life, guaranteed by the Fourteenth and Fifth Amendments to the United States Constitution.

92. The acts and omissions alleged in this complaint constitute a preservation and enforcement of law that leads to conduct and an ever-present threat of life-terminating violence that violates Jane's constitutional right to substantive due process.

93. The Primary Exceptions strip Jane of her fundamental right to life in violation of the Due Process Clause of the Fifth and Fourteenth Amendments.

94. The government discrimination and actions against Jane, outlined in the Primary Exceptions, is so deep and threatening that she lives under the constant threat of being permanently and irrevocably stripped of her most basic right: the right to life.

95. Even though the governments otherwise consider Jane an innocent human person whose homicide can be prosecuted, the brutally violent act of abortion can occur at any moment, with no notice or procedure for Jane to defend herself or preserve her right to live.

96. A class of human beings who exerts power over minor children and who generally would have the duty to care for Jane and preserve her life, doctors, have been granted the state- and federally-protected right to violently kill them.

97. An active and ongoing sanction by the government of the intentional killing of a human person is a violation of the state's and federal government's duty to not deprive any person within its borders of the right to life.

98. The Primary Exceptions protect the right to kill, instead of guarding the right to life.

99. The Primary Exceptions infer that one human being's decisions are the arbiter of another human being's constitutional rights, instead of the basic humanity inherent in every unique human person that government is designed and commissioned to protect.

### COUNT THREE: Violation of Substantive Due Process: Right to Liberty – Bodily Integrity – 5th and 14th Amendments

100. Plaintiff incorporates by reference all of the other paragraphs of this Complaint as though fully stated herein.

101. The violent acts that may be committed at any time against Jane and minor children like her are sanctioned by the State and the United States and would immediately strip Jane of her right to bodily integrity, with no opportunity for adequate recourse.

### COUNT FOUR: Civil Rights

102. Plaintiff incorporates by reference all of the other paragraphs of this Complaint as though fully stated herein.

103. Under color of state statute, specifically the Primary Exceptions to the State law, Jane and minor children like her are subjected to the sustained deprivation of the right to equal protection and are constantly threatened with the deprivation of their rights to life

and bodily integrity, all of which are secured by the U.S. Constitution and are actionable under 28 U.S.C. 1983.

104. Under color of state statute, Jane and minor children like her are being pervasively discriminated against in a manner that may result in irreversible violence towards them.

105. This discrimination is protected by the State.

106. The Primary Exceptions infer that one human being's decisions are the arbiter of another human being's civil rights, instead of the basic humanity inherent in every unique human person.

## REQUEST FOR RELIEF

Unless restrained by this Court, Defendants will continue to preserve and enforce the constitutional deprivations set out in this complaint that deprive Jane and children like her of the guarantee of equal protection of the law secured by the Fifth and Fourteenth Amendments to the Constitution of the United States, and may cause irreparable harm to these children, specifically their state-sanctioned deaths and the permanent loss of their fundamental rights to life and bodily integrity.

Wherefore, Plaintiff respectfully prays that this Court:

1. Permanently enjoin Defendants and their employees, agents, and successors in office from enforcing or preserving the Primary Exceptions or taking other similar discriminatory action against Jane or other minor children who are unborn.
2. Issue a declaratory judgment that the Primary Exceptions in State and United States law are unconstitutional and unenforceable in all of their applications and on their face.
3. Issue a declaratory judgment that Jane and minor children who are unborn have the right to a guarantee of equal protection, substantive due process, and life under the Fourteenth and Fifth Amendments to the United States Constitution and shall not be deprived of these rights.
4. Grant any other relief or declarations this Court deems just and proper.

Dated this 7th day of August, 2018.

                                    Respectfully submitted,

                                    s/ Daniel C. Nunley
                                    Daniel C. Nunley, OBA # 15912
4833 S. Sheridan, Suite 418
Tulsa, OK 74145
Telephone: 918-986-8586
Facsimile:  319-234-2530
Email: dnunley@sayerlaw.com

Kristine L. Brown
P.O. Box 371453
Denver, CO 80237
Telephone: 302-515-2721
Email: Kristi@kristiburtonbrown.com
*Pro hac vice pending*

*ATTORNEYS FOR PLAINTIFF*