IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JANE DOE, a minor child who is unborn, by and through her father and next friend, John Doe,

    Plaintiff,

v.

1. MIKE HUNTER, in his official capacity as Oklahoma Attorney General;
2. MARY FALLIN, in her official capacity as Oklahoma Governor;
3. MATTHEW G. WHITAKER, in his official capacity as Acting U.S. Attorney General;
4. U.S. DEPARTMENT OF JUSTICE; and
5. THE UNITED STATES OF AMERICA,

    Defendants.

Case No. 18-cv-408-JED-FHM

## OPINION & ORDER

The Complaint (Doc. 2) in this case was brought by Jane Doe, an unborn child, by and through her father and next friend, John Doe.[1] Plaintiff asserts constitutional claims challenging specific state and federal laws that, she argues, "sanction and protect the killing of one class of innocent human beings." (Doc. 2 at ¶ 1). Specifically, she challenges what she calls the "Primary Exceptions"—provisions in Oklahoma's fetal homicide laws and the federal Unborn Victims of Violence Act (UVVA) that make exceptions for legally obtained abortions. *See Okla. Stat.* tit. 21, §§ 652(D), 691(C); 18 U.S.C. § 1841(c). She seeks both injunctive and declaratory relief against Defendants Mike Hunter and Mary Fallin ("the Oklahoma Defendants"), as well as Matthew G.

---

[1] Plaintiff has submitted a separate Motion to File and Proceed Anonymously (Doc. 4). Because the Court ultimately finds that Plaintiff lacks standing to bring her claims, this separate motion is rendered moot.

Whitaker,[2] the U.S. Department of Justice, and the United States of America ("the Federal Defendants"). The Court now has for its consideration the Oklahoma Defendants' Motion to Dismiss (Doc. 8) and the Federal Defendants' Motion to Dismiss (Doc. 15). Both sets of defendants assert that Plaintiff has failed to establish standing to bring her claims.

## I. Legal Standards

"Article III . . . gives the federal courts jurisdiction over only 'cases and controversies,' and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). The Supreme Court has outlined three elements that constitute "the irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In order to have standing, a plaintiff must show "(1) [she] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). Importantly, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

The injury-in-fact requirement "helps to ensure that the plaintiff has a 'personal stake in the outcome of the controversy.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 134 S. Ct. 2334, 2341 (2014) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To meet this requirement,

---

[2] The Court is aware that Jefferson B. Sessions, III, is no longer the U.S. Attorney General. Pursuant to Fed. R. Civ. P. 25(d), when a public officer who is a party in an official capacity ceases to hold office, the officer's successor shall be substituted as a party. The new Acting U.S. Attorney General, Matthew G. Whitaker, is hereby substituted in place of Mr. Sessions. The Court Clerk shall note such substitution on the docket.

a plaintiff "must show that [she] has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (internal quotation marks omitted). "Abstract injury is not enough." *Id*. at 101. If a plaintiff alleges future injury, such threatened injury must be "certainly impending," or there must at least be a "substantial risk" that the harm will occur. *Driehaus*, 134 S. Ct. at 2341 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)). "Plaintiffs cannot rely on speculation about 'the unfettered choices made by independent actors not before the court." *Clapper*, 468 U.S. at 414 n.5 (quoting *Lujan*, 504 U.S. at 562).

**II.     Discussion**

The Complaint asserts that Plaintiff is "under an ever-present and imminent threat of a violent loss of her right to life and right to bodily integrity." (Doc. 2 at ¶ 1). However, she has not alleged any facts supporting the conclusion that the threat of injury to Plaintiff is "both real and immediate, not conjectural or hypothetical." *See Lyons*, 461 U.S. at 102 (internal quotations marks omitted). The Complaint states that Plaintiff "*could* be subjected at any moment to the deprivation of her right to life by any doctor hired by her mother," that her "life *could* be taken through abortion for any reason, at any time, until she reaches 22 weeks gestation," and that she "*could* also be killed through abortion in multiple locations around the nation up until she reaches 40 weeks gestation." (Doc. 2 at ¶¶ 17, 18, 19) (emphasis added). Yet, the Complaint is conspicuously silent as to the actual intent of Plaintiff's mother to seek an abortion. Nowhere does the Complaint allege that Plaintiff's mother is seeking to or is likely to terminate her pregnancy. As such, Plaintiff's alleged injury is merely hypothetical and wholly dependent upon "the

3

unfettered choices made by [an independent actor] not before the court." *See Lujan*, 504 U.S. at 562. Such a hypothetical injury does not give Plaintiff standing to sue.

Even were the Court to assume an injury-in-fact, Plaintiff cannot show that her asserted injury is fairly traceable to the Primary Exceptions, nor can she show that her asserted injury is redressable through the relief she seeks.

First of all, it bears noting that the federal UVVA is not a general homicide provision; instead, it describes the federal offense of causing the "death of, or bodily injury . . . to, a child, who is in utero" during the commission of one of approximately 60 federal crimes. 18 U.S.C. § 1841(a)(1). Although the UVVA contains an exception for abortions and for women, generally, in respect to their own unborn children, these exceptions themselves do not authorize abortions. *See* § 1841(c)(1), (3). Instead, under binding U.S. Supreme Court precedent, the U.S. Constitution "offers basic protection to the woman's right to choose." *Stenberg v. Carhart*, 530 U.S. 914, 921 (2000) (citing *Roe v. Wade*, 410 U.S. 113, 153 (1973), *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833 (1992)).[3] Plaintiff's asserted injury is not fairly traceable to the UVVA, and the injunctive and declaratory relief she seeks concerning the UVVA would not prevent her mother from legally obtaining an abortion under *Roe* and *Casey*.

Similarly, Plaintiff cannot fairly trace her alleged injury to the exceptions in Oklahoma's fetal homicide laws. The Oklahoma Defendants are bound by *Roe* and *Casey* to permit abortions in certain circumstances. Regardless of the Primary Exceptions, the state's fetal homicide laws are unenforceable as to legal abortions. Although Plaintiff argues that the Oklahoma Defendants

---

[3] Plaintiff claims that she "has brought suit directly under the Fifth Amendment, separate and apart from the UVVA." (Doc. 17 at 2). However, the Complaint alleges no unconstitutional act on the part of the Federal Defendants apart from the Primary Exceptions in the UVVA. (*See, e.g.*, Doc. 2 at ¶¶ 2-5).

4

"must be responsible for their own laws," (Doc. 16 at 4), the U.S. Constitution is the "the supreme law of the land," and Supreme Court precedent interpreting the Constitution must be followed by the states. U.S. Const. art. VI, cl. 2; *see also Martin v. Hunter's Lessee*, 14 U.S. 304 (1816), *Cohens v. Virginia*, 19 U.S. 264 (1821).

In her response to the Federal Defendants' dismissal motion, Plaintiff argues that her situation should be analogized to pre-enforcement standing. (Doc. 17 at 7-8). In *MedIummune, Inc. v. Genentech, Inc.*, one of the cases cited by Plaintiff, the Supreme Court recognized that "where threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat—for example, the constitutionality of a law threatened to be enforced." 549 U.S. 118, 128-129 (2007) (emphasis in original). The circumstances described in *MedImmune* are simply not relevant here; there is no threatened action by the state or federal government in this case, and Plaintiff is not exposed to liability under the challenged statutory provisions. The reasoning behind pre-enforcement standing does not apply to Plaintiff's claims.

Plaintiff also argues that the Court should be "generous" in considering her standing. (*See* Doc. 17 at 8-9). The Court declines Plaintiff's invitation to loosen the constitutional standing requirements for her case. As stated above, federal courts have limited jurisdiction, and this Court may not overlook the well-established requirements for a "case and controversy" in order to hear a case out of "fairness."

For the foregoing reasons, the Oklahoma Defendants' Motion to Dismiss (Doc. 8) and the Federal Defendants' Motion to Dismiss (Doc. 15) are hereby **granted**. Plaintiff's Motion for Permanent Injunction (Doc. 6) is **denied**, and her Motion to File and Proceed Anonymously (Doc.

4) is **moot**. Plaintiff's claims are **dismissed without prejudice**. A separate judgment will be entered forthwith.

ORDERED this 30th day of November, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE